**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4707**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH MASON SPRAGUE, a/k/a Joseph Mason Hammond,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (CR-04-29)

---

Submitted: May 13, 2005                    Decided: June 2, 2005

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Hervery B. O. Young, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Jonathan Scott Gasser, Acting United States Attorney, Columbia, South Carolina, Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Mason Sprague appeals his conviction and sentence for two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2000), and two counts of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). Sprague's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserts that the district court erred when it denied Sprague's motion for judgment of acquittal.

This court reviews the denial of a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Witness credibility is within the sole province of the jury, and the court will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We

have reviewed the evidence presented at trial and find that the jury's verdict is sufficiently supported by the evidence.

Sprague has been informed of his right to file a pro se supplemental brief and has done so, asserting several claims. Sprague first argues that the Government committed several acts of prosecutorial misconduct. Sprague alleges that the prosecutor suborned perjury, withheld favorable information, and improperly consulted with a witness in violation of Giglio v. United States, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963); and Chavis v. North Carolina, 637 F.2d 213, 222 (4th Cir. 1980). We have independently reviewed the record and conclude that Sprague's contentions are without merit.

Sprague next argues that the district court erred when it refused to admit polygraph evidence. This circuit, however, has a per se ban on the admissibility of polygraph evidence. United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003).

Sprague also contends that his counsel was ineffective at trial and on appeal. To succeed in a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because the record does not conclusively establish counsel's ineffectiveness, we conclude that Sprague's claims must be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000).

Finally, we address Sprague's sentencing contentions. We conclude that because the district court addressed Sprague personally to ask if he had anything to say for himself, Sprague was not denied his right of allocution under Fed. R. Crim. P. 32(i)(4)(A). However, the sentencing enhancement Sprague received for the amount taken from the financial institutions violates the rule announced in United States v. Booker, 125 S. Ct. 738 (2005).[*] Because Sprague received a higher sentence than would have been permissible based on the jury's findings, we vacate and remand Sprague's sentences for resentencing under an advisory Guidelines system. See United States v. Hughes, 401 F.3d 540, 547-56 (4th Cir. 2005) (finding that Hughes satisfied all three prongs of the plain error test set forth in United States v. Olano, 507 U.S. 725, 732 (1993), when he was sentenced to a sentence substantially longer than that permitted based purely on the facts found by a jury, and that the court should exercise its discretion to recognize the error).

Accordingly, although we affirm Sprague's conviction, we vacate and remand his sentence for resentencing consistent with Booker and Hughes. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when

---

[*]Just as we noted in United States v. Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Sprague's sentencing. 401 F.3d 540, 545 n.4 (4th Cir. 2005).

sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47. We deny Sprague's motion for bail pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART